## NEW YORK SUPERIOR COURT.

### CHARLES J. REILLY agt. BENJAMIN F. COOK.

The uncontroverted allegations in a complaint of a sale of goods by the plaintiff as the *factor* or *agent* of his principal, and the promise of the defendant to pay the plaintiff for them, are sufficient to vest the plaintiff with a right to collect and sue for the price in his own name.

*Special Term, September* 6, 1861.

MOTION to strike out answer of defendant as sham, irrelevant and frivolous.

Facts are stated in the opinion.

GEORGE OWEN, *for plaintiff.*
A. R. DYETT, *for defendant.*

WHITE, Justice. The complaint in this action alleges that the plaintiff *as the agent and factor* of one Henry Stephens, sold and delivered to the defendant, at his (the defendant's) request, goods to the value of $293.18; that the defendant agreed to pay that price for them; that said sum was due at the time of the commencement of this action; that since it became due, the defendant repeatedly promised to pay it to the plaintiff, but has not done so, and judgment thereon is prayed, &c.

The answer is formally divided into first, second and third defences, but it all consists in this : it denies that the plaintiff sold the goods, and alleges that Henry Stephens owned them, sold them to the defendant upon a credit which had not expired when this action was commenced; and it alleges that the plaintiff did not own the goods. This is the whole answer. It does not deny the allegation of the complaint, that the plaintiff sold the goods as the factor or agent of Stephens, nor the allegation that the defendant promised to pay the plaintiff for them. The

allegations in the answer, of ownership in Henry Stephens, and that he sold the goods to the defendant, are not relevant statements, nor are they in contradiction with any of the allegations of the complaint, which plainly avows the ownership of Stephens. But if any purpose or point can have been intended by them, and it must be presumed that some purpose was intended by them, it can only be this, that they were designed to qualify the previous positive denial in the answer, that the plaintiff had sold the goods, and to indicate that the denial was intended only to raise in that manner, as a supposed defence, the point that the plaintiff did not, *as owner*, sell them, and had, therefore, no right to sue for their price. This, I think, upon a consideration of the whole context, is the fair construction to be given to this answer; and the point which it presents is obviously no defence.

The uncontroverted sale of goods by the plaintiff as the factor or agent of Stephens, and the promise of the defendant to pay the plaintiff, as stated in the complaint, are all sufficient to vest the plaintiff with a right to collect and sue for the price, as he has done in this action. (*Considerant* agt. *Brisbane, in the court of appeals, Dec.* 1860, 22 *N. Y. R.*, 389.)

The answer must therefore be stricken out as frivolous, with ten dollars costs; but as it contains an intimation that the sale had been made upon a credit which had not expired when the action was commenced, the defendant will have leave to serve an amended answer, presenting that defence in a proper form, within ten days after service of the order, to be entered pursuant to this decision; the issue, however, in case of such amendment, to be of the same date that it now is, and the cause, if on the calendar, to retain its present place there.